IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
DENNIS L. BAZE,                 )
                                )    Civil No. 04-224-JE
            Petitioner,         )
                                )
    v.                          )
                                )
MAX WILLIAMS, et al.,           )
                                )    FINDINGS AND RECOMMENDATION
            Respondent.         )
```

    Anthony D. Bornstein
    Assistant Federal Public Defender
    101 SW Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Lynn David Larsen
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his underlying state convictions for Sodomy and Sexual Abuse. Because this action is untimely, the Petition for Writ of Habeas Corpus (#2) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

Following a bench trial, the Washington County Circuit Court found petitioner guilty of one count each of Sodomy in the First Degree (Count One) and Sexual Abuse in the First Degree (Count Two). Respondent's Exhibit 101, p. 2. The court imposed a 72-month sentence on Count One to run concurrently with an 18-month sentence on Count Two. Id. at p. 1.

Petitioner directly appealed his sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion on May 6, 1999. State v. Baze, 158 Or. App. 684, 978 P.2d 457 (1999). Petitioner did not petition the Oregon Supreme Court for review.

Petitioner next filed for post-conviction relief ("PCR") in state court on January 30, 2001, but the PCR trial court denied relief. The Oregon Court of Appeals affirmed the PCR trial court without written opinion, and the Oregon Supreme Court denied

2 - FINDINGS AND RECOMMENDATION

review.  Baze v. Lampert, 189 Or. App. 334, 75 P.3d 921 (2003), rev. denied 336 Or. 146, 82 P.3d 162 (2003).

On February 17, 2004, petitioner filed this action. Petitioner concedes that he failed to timely file his Petition within the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act, but asks the court to excuse this procedural defect because he is entitled to equitable tolling, and because he is actually innocent of his underlying crimes.  Petitioner's Reply to Response (#43) p. 8.

Respondent asks the court to deny relief on the Petition because:  (1) petitioner has not demonstrated that he is entitled to equitable tolling; and (2) the actual innocence exception should not apply to excuse statute of limitations violations, and even if it does apply, petitioner has not made the requisite showing of actual innocence.

## DISCUSSION

### I. Equitable Tolling

Equitable tolling is appropriate when "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'"  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)(quoting Brambles v. Duncan, 330 F.3d 1197, 1202 (9th Cir. 2003)).  A petitioner bears the burden of demonstrating that this extraordinary equitable tolling exclusion applies to him.

3 - FINDINGS AND RECOMMENDATION

Miranda v. Castro, 292 F.3d 1063, 1065 (9th cir. 2002)(citing U.S. v. Marolf, 173 F.3d 1213, 1218 n. 3 (9th Cir. 1999)).

Here, petitioner has failed to present evidence in his briefing indicating what circumstances prevented him from timely filing his Petition. Though he acknowledges that the determination of whether grounds for equitable tolling exist are highly fact dependent, he presents the court with no facts concerning the reasons for his late filing. Instead he asks the court to grant his request for an evidentiary hearing so that he may "personally address the Court on the reasons he did not file within the statutory time period."[1] Petitioner's Reply to Response (#43) p. 8. Petitioner's assurance that he will present the court with his reasons for failing to timely file his Petition is not sufficient to meet his burden of showing that he is entitled to equitable tolling.[2]

///

///

---

[1] Petitioner also states that "[s]hould the Court grant his request for an evidentiary hearing, he would testify regarding the facts surrounding the alleged crimes." Id.

[2] In addition, petitioner conflates the distinct doctrines of equitable tolling with the actual innocence/miscarriage of justice exception to procedural default. Despite petitioner's failure to indicate why he could not timely file his Petition, he argues that his actual innocence of his underlying crimes is the extraordinary circumstance warranting equitable tolling in his case. As petitioner makes no attempt to explain how his alleged innocence resulted in the untimely filing of his Petition, the court will address these doctrines separately.

4 - FINDINGS AND RECOMMENDATION

## II. **Actual Innocence**

With regard to petitioner's actual innocence claim, neither the Supreme Court nor the Ninth Circuit Court of Appeals has yet decided whether the Anti-Terrorism and Effective Death Penalty Act's statute of limitations may be overcome by a showing of actual innocence. Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002). The Ninth Circuit and Supreme Court have historically applied the actual innocence/miscarriage of justice exception only to claims not fairly presented to the state courts. Notably, petitioner fairly presented his claims to the state courts in a collateral proceeding.

Assuming that petitioner could excuse his untimely filing by making a showing of actual innocence, he must establish that "in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)). To be credible, an actual innocence claim must be supported by "new *reliable* evidence . . . that was not presented at trial." Schlup, 513 U.S. at 324 (emphasis added).

Accordingly, if petitioner submits "new evidence" that convinces the court that there is serious doubt as to whether he actually committed Sodomy and Sexual Abuse so as to undermine the trial judge's findings, petitioner should be allowed to argue the

5 - FINDINGS AND RECOMMENDATION

merits of his habeas claims despite the untimely filing of his Petition. Id. at 316. The Ninth Circuit has held that a habeas petitioner satisfies Schlup's new evidence test with an offer of "newly presented" evidence (as opposed to "newly discovered" evidence) of actual innocence. Griffin v. Johnson, 350 F.3d 956, 963 (9th Cir. 2003).

Petitioner references the following evidence in support of his claim of actual innocence: (1) his own assertions, as set forth in his notarized federal habeas Petition, that he is innocent and believes that the victim was coerced into making accusations against him, and that the victim's brother, whom petitioner claims was present at the time of the abuse, would have testified that the incidents did not occur;[3] and (2) a handwritten affidavit dated March 1, 2002 from petitioner's mother, Marlene Baze, attesting to the fact that the victim visited her while she was in the hospital with heart problems (presumably in 1996), admitted that petitioner "didn't have sex with [her] and do those things," and promised to "fix everything" so petitioner would not be charged.[4] Petitioner's

---

[3] The victim's brother was three or four years old at the time the crimes were committed. See Petition (#2), Exhibits pp. 20, 27.

[4] A second (typewritten) affidavit dated March 30, 2001 from Marlene Baze is also attached as an Exhibit to the Petition. In this affidavit, Marlene attested to the fact that in the fall of 1996 when she was in the hospital following a heart attack, the victim told her that petitioner "did not do what she had testified that he had done" and that "her mother would hurt her if she told

6 - FINDINGS AND RECOMMENDATION

Reply to Response (#43) p. 8; Petition (#2) pp. 1, 12 & Exhibits pp. 14-15, 24-28.

The "new evidence" petitioner offers to support his claim of actual innocence here was previously presented to the PCR trial court:  petitioner testified at his PCR trial and his mother's handwritten affidavit was admitted into evidence.  Consequently, petitioner has not offered any new evidence of his innocence and therefore is not entitled to pass through Schlup's "gateway" of actual innocence.

Moreover, to be credible, a claim of actual innocence requires that "petitioner support his allegations of constitutional error with new *reliable* evidence-whether it be exculpatory scientific evidence, trustworthy eye witness accounts, or critical physical evidence-that was not presented at trial. Schlup, 513 U.S. at 324 (emphasis added).  Petitioner has not presented the type of new, reliable evidence necessary to establish his claim of actual innocence.  His own self-serving assertions of innocence and the affidavit(s) from his mother referencing an alleged conversation with the victim that took place prior to petitioner's trial are not sufficient to establish that it is more likely than not that no reasonable fact finder would find petitioner guilty beyond a reasonable doubt given the "new" evidence.

---

the truth."  Marlene stated that this alleged conversation took place in 1996 prior to petitioner's criminal trial.

7 - FINDINGS AND RECOMMENDATION

### III. **Evidentiary Hearing**

With regard to petitioner's request for an evidentiary hearing, habeas petitioners are not entitled to evidentiary hearings in federal court to further develop their claims' merits unless they diligently attempted to develop those claims in state court, but were unable to do so. Williams v. Taylor, 529 U.S. 420, 433-438 (2000). If a petitioner has failed to diligently develop his claims, an evidentiary hearing is permitted only if his claim relies on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(i) and (ii). In addition, the facts underlying the claim must be sufficient to establish by clear and convincing evidence, that no reasonable factfinder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(B).

In the case at bar, petitioner does not request an evidentiary hearing for the purpose of supporting the merits of a specific constitutional claim. Instead, he seeks such a hearing to establish the application of equitable tolling and to "testify regarding the facts surrounding [his] alleged crimes." Assuming § 2254(e)(2) applies in these circumstances, petitioner has not demonstrated that he is entitled to such a hearing. He fails to

describe the nature of the evidence he seeks to develop and while he asserts that he will personally testify, this assertion is insufficient to meet the threshold requirement necessary for the court to grant his request for an evidentiary hearing.

Even if petitioner is seeking to develop new evidence in an evidentiary hearing before this court, he had ample opportunity to develop favorable evidence not only during his criminal trial, but also during his post-conviction trial. The court notes that in his Petition, petitioner references "a number of statements and affidavits from various parties and witnesses" that would tend to prove his innocence, but that "mysteriously disappeared" when he was transferred to Snake River Correctional Institution and provided with different counsel. Petition (#2) pp. 10-12. He fails, however, to describe the nature of the missing evidence or describe why it could not have been redeveloped and presented in the state courts. Moreover, petitioner has not shown how recovery of the evidence would prove by clear and convincing evidence that he is innocent of his underlying crimes.[5]

---

[5] To the extent that petitioner is complaining that he was denied effective assistance of post-conviction trial counsel, the court notes that because there is no constitutional right to an attorney in state post-conviction proceedings, there can be no cause of action for ineffective assistance of post-conviction counsel. See Coleman v. Thompson, 501 U.S. 722, 752-53 (1991); Pennsylvania v. Finley, 481 U.S. 551, 553 (1987).

Accordingly, because petitioner has not exercised due diligence in his factual development, he must satisfy the stringent requirements of § 2254. To that end, petitioner has not alleged that his claims rely on either a new rule of constitutional law, or a factual predicate that could not have been previously discovered through the exercise of due diligence. Moreover, as noted above, the facts underlying petitioner's claim are insufficient to demonstrate by clear and convincing evidence, that no reasonable factfinder would have found petitioner guilty of his underlying offenses. For these reasons, petitioner's request for an evidentiary hearing should be denied.

As petitioner does not offer any reason why he is entitled to equitable tolling, and fails to present any new evidence demonstrating that he is actually innocent of his underlying crimes, the court finds no reason to excuse his untimely filing.

### RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

### SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within

which to file specific written objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in order of judgment entered pursuant to the Magistrate Judge's recommendation.

      DATED this 8th day of June, 2006.

                                   /s/ John Jelderks
                                  John Jelderks
                                  United States Magistrate Judge